IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEX TIVIAS GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-784-WHA-KFP |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, an inmate at Bibb County Correctional Facility in Brent, Alabama, filed a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241. On review of the Petition, the Court concludes this case should be transferred to the United States District Court for the Northern District of Alabama.[1]

**I.   DISCUSSION**

A district court has jurisdiction over a challenge to the terms of pretrial detention, including a claim regarding a speedy trial violation, under 28 U.S.C. § 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (noting that pretrial habeas petitions are governed by § 2241 and that § 2254's provisions do not apply).[2] Therefore, to maintain this action, Petitioner must satisfy the jurisdictional requirements of 28 U.S.C. § 2241.

---

[1] Petitioner also filed an application for leave to proceed in forma pauperis. Doc. 2. The Court finds that assessment of that petition and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.
[2] The Plaintiff challenges the evidence used in the indictments for trafficking synthetic marijuana filed against him in actions pending in Houston County, Alabama. *See, State v. Green*, CC 20-734, 735 and 736.

A petition filed under 28 U.S.C. § 2241 "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–495 (1973) (stating that a "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that "longstanding practice confirms that in habeas challenges to present physical confinement — 'core challenges' — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

Accordingly, the proper respondent to the Petition is the warden of the Bibb County Correctional Facility. Further, the Bibb County Correctional Facility is located in Brent, Alabama, which is encompassed within the United States District Court for the Northern District of Alabama, making venue improper in the Middle District of Alabama. When a case is filed "laying venue in the wrong division or district," a district court may dismiss or, in the interest of justice, transfer the case to any district where it could have been filed. *See* 28 U.S.C. § 1406(a). Under the circumstances of this case and in the interest of justice, the undersigned concludes that this case should be transferred to the United States District Court for the Northern District of Alabama.

II.   **CONCLUSION**

For the reason stated above, the Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1406(a).

Further, it is ORDERED that by **January 21, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of January, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE